UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

MAR 18 2002

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| LAMONT MITCHELL, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 00-1317 (RWR) |
| ) | |
| DCX, Inc. d/b/a Diamond ) | |
| Cab Company of D.C., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant, DCX, Inc., has moved to strike the second supplementary report of Dr. John J. Miller, which appears to have been disclosed for the first time in plaintiffs' October 5, 2001 cross-motion for summary judgment, because this report was disclosed after the July 20, 2001 deadline for disclosing expert reports. Plaintiffs oppose striking the report, claiming it rebuts the defendant's August 8, 2001 supplementary expert report of Dr. Hans Engler.

Fed. R. Civ. P. 26(a)(2)(C) provides that rebuttal reports must be filed within 30 days after the expert report that is being rebutted has been disclosed. Plaintiffs' October 5, 2001 disclosure of their report, occurring more than thirty days after defendant's supplementary report was disclosed, violated Fed. R. Civ. P. 26(a). Late-filed disclosures must be excluded from use

- 2 -

with a motion, or at a trial, unless the late filing is harmless. Fed. R. Civ. P. 37(c)(1). "In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions." Id. When, late-filed materials should be excluded should turn on how the opponent of the late-filed materials would be prejudiced if the late-filed materials were admitted; the importance of the proposed evidence; the reason, if any, for the late filing; and the availability of less drastic measures than exclusion of evidence. Ball v. Trusler, No. Civ. A. 97-865, 1998 WL 473901, at *1 (E.D. La. Aug. 10, 1998) (listing similar factors to decide whether late-filed expert report should be admitted as rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(C)); Tucker v. Ohtsu Tire & Rubber, Co., 49 F. Supp. 2d 456 (D. Md. 1999) (listing similar factors to decide whether late-filed expert report should be admitted as rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(C)).

These factors do not compel exclusion of plaintiffs' late disclosure. Despite defendant's allegation that it will be prejudiced by the admission of the second supplementary report of Dr. Miller, any prejudice will be minimal. No trial date has been set, so there will be no undue trial delay. Plaintiffs have consented to the defendant deposing Dr. Miller on his newest report and have even agreed to pay Dr. Miller's resulting fee.

Compare <u>Dickerson v. United Parcel Serv. Inc.</u>, No. CIV.A.3:95-CV-2413-D, 1999 WL 222389, at *2 (N.D. Tex. April 8, 1999) (holding that even though defendants had not provided plaintiff with the experts' reports by the deadline imposed by the scheduling order, defendants' non-disclosure was harmless because the time for discovery had not closed and the trial was still six months away), with <u>Finley v. Marathon Oil Co.</u>, 75 F.3d 1225, 1230-31 (7th Cir. 1996) (finding disclosure was not harmless where charts prepared by experts had been disclosed days before the trial).

Moreover, this report likely is very important to the plaintiffs. Dr. Miller's study will apparently be an integral part of plaintiffs' case and the second supplementary report can be used to attempt to rebut claims that Dr. Miller's study is inaccurate or unreliable. Although plaintiffs did not explain why they could not provide their rebuttal to the defendant within 30 days of the August 8 report, a fair option other than the exclusion of Dr. Miller's report, nonetheless, is available. Since defendant, too, is guilty of a late disclosure with the August 8, 2001 supplementary report that violated the disclosure deadline in the latest scheduling order,[1] both parties will be required to make their respective experts available to be deposed

---

[1] After the deadline had passed, defendant successfully sought plaintiffs' consent to serve the report late.

- 4 -

on their most recent reports. Plaintiffs will be required to pay the cost of making Dr. Miller available to be deposed. Accordingly, it is hereby

ORDERED that defendant's motion to strike the second supplementary report of Dr. John J. Miller [44-1] be, and hereby is, DENIED. However, because plaintiffs' rebuttal report is untimely under Fed. R. Civ. P. 26(a)(2)(C), plaintiffs will be required to make Dr. Miller available to the defendant to be deposed within thirty days of the entry of this Order and to pay for Dr. Miller's appearance. Furthermore, because defendant's supplementary report of Dr. Engler violated the terms of this Court's scheduling Order, defendant will be required to make Dr. Engler available to be deposed within thirty days of the entry of this Order. Each deposition is to be strictly limited to the contents of the contested supplementary reports. The parties will have forty days from the entry of this Order to file supplementary memoranda that may address only the depositions taken pursuant to this Order.

SIGNED this 18th day of March, 2002.

_____
RICHARD W. ROBERTS
United States District Judge