UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

MAR 2 5 2002

NANCY MAYER-WHITTINGTON, CLERK
U.S DISTRICT COURT

| | |
|---|---|
| LAMONT MITCHELL, et al., ) | |
| Plaintiffs, ) | |
| v. ) | Civil Action No. 00-1317 (RWR) |
| DCX, Inc. d/b/a Diamond ) Cab Company of D.C., et al., ) | |
| Defendants. ) | |

## ORDER

Defendant, DCX, Inc., has moved to strike plaintiffs' motion for summary judgment pursuant to Fed. R. Civ. P. 12(f)[1] and Fed. R. Civ. P. 16(f), because plaintiffs failed to file their motion for summary judgment by the September 7, 2001 deadline established by the June 20, 2001 amendments to the scheduling order. Rather than filing their dispositive motion on September 7, 2001, plaintiffs elected to file their motion for summary judgment with their timely filed opposition to defendant's motion for summary judgment. Plaintiffs contend that their motion for summary judgment, which seeks summary judgment on their disparate impact claims under the D.C. Code, did not

---

[1] Rule 12(f) governs striking portions of pleadings, not striking motions for summary judgment. Accordingly, defendant's motion will be analyzed under Fed. R. Civ. P. 16(f).

become ripe until defendants failed in their motion for summary judgment "to advance any argument or proffer any evidence regarding Plaintiffs' *disparate impact* claims." (Pl.'s Opp'n to Def. DCX, Inc.'s Mot. to Strike Pl.'s Cross-Mot. for Summ. J. ("Pl.'s Opp'n") at 2 (emphasis in original).)

Plaintiffs' justification for their late filing is hollow. Plaintiffs should have known by the close of discovery what, if any, valid defense was going to be asserted by the defendant. Plaintiffs might have been more confident that they could prevail on a motion for summary judgment after reading defendant's motion for summary judgment, but they were able to establish facts bearing out a *prima facie* case of discrimination on September 7, 2001. Accordingly, there is no excuse for the plaintiffs' failure to file its dispositive motion by September 7, 2001 in accordance with the scheduling order.

Failure to obey a scheduling order is sanctionable conduct under Fed. R. Civ. P. 16(f). "[T]he court has discretion to impose whichever sanction it feels is appropriate under the circumstances." Fed. R. Civ. P. 16(f) advisory committee notes. But, "'[d]rastic' penalties . . . should be imposed only in extreme circumstances.'" James River Corp. v. Interamerica Trust Co., No. 88 CIV. 9098, 1990 WL 6551, at *2 (S.D.N.Y. Jan. 22,

- 3 -

1990) (quoting <u>Israel Aircraft Indus., Ltd. v. Standard Precision</u>, 559 F.2d 203, 208 (2d Cir. 1977)).

Because the parties' motions for summary judgment could potentially streamline the issues in this case, defendant's motion to strike will be denied. Nevertheless, because the plaintiffs, without justification, violated a clear deadline in the scheduling order, the plaintiffs will be required to pay the defendant's reasonable costs and attorney's fees incurred in bringing this motion. Accordingly, it is hereby

ORDERED that defendant's motion to strike plaintiffs' cross-motion for summary judgment [48-1] be, and hereby is, DENIED. Plaintiffs, however, will be required to pay defendant's reasonable costs and attorney's fees for bringing the motion to strike [48-1].

SIGNED this 22nd day of March, 2002.

_____
RICHARD W. ROBERTS
United States District Judge