**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                  )
LAMONT MITCHELL, *et al.*,         )
                                  )
            Plaintiffs,           )
                                  )  **Civil Action No. 00-1317 (RWR)**
        v.                        )
                                  )
DCX, INC., *et al.*,              )
                                  )
            Defendants.           )
_____  )

MEMORANDUM OPINION AND ORDER

Plaintiffs have moved under Federal Rule of Civil Procedure 60(b)(6) to reopen their case and to vacate the court's Order of February 24, 2004 dismissing the case without prejudice for 35 days after the issuance of the Order and with prejudice thereafter.  Plaintiffs additionally seek a status hearing, attorneys' fees and costs for pursuing this motion, an order incorporating the terms of an agreement in principle referred to in a joint status report submitted to the court, and an order requiring the defendants to execute a Consent Decree.  Plaintiffs contend that defendant failed to sign a consent decree after the court issued the dismissal Order despite repeated representations that defendant would settle, and suggest that defendant awaited the expiration of the 35 day period to reopen the case before it unequivocally stated to plaintiffs that it did not intend to sign the consent decree as drafted.  (Pls.' Mot. to Reopen at 2.) Defendant opposes, arguing that the court lacks subject matter

- 2 -

jurisdiction and that plaintiffs misstate the facts of the case,

and requests attorneys' fees and costs for opposing plaintiffs'

motion.

Under Rule 60(b)(6), the court may "[o]n motion and upon

such terms as are just, . . . relieve a party from a final

judgment, order, or proceeding for . . . any . . . reason

justifying relief from the operation of the judgment."  Fed. R.

Civ. P. 60(b)(6).  In order "to justify relief under Rule

60(b)(6), a party must show [generally] 'extraordinary

circumstance' suggesting that the party is faultless in delay,"

Killingham v. District of Columbia Serv. for Independent Living,

Inc., No. 89-2713, 1998 WL 1148899, at *6 (D.D.C. Sept. 30, 1998)

(quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.

P'Ship, 507 U.S. 380, 393 (1993)), although even inexcusable

neglect by the party seeking relief under Rule 60(b)(6) may, in

extreme circumstances, support relief.  For example, "[w]hen a

[moving] party timely presents a previously undisclosed fact so

central to the litigation that it shows the initial judgment to

have been manifestly unjust, reconsideration under rule 60(b)(6)

is proper even though the original failure to present that

information was inexcusable."  Twelve John Does v. District of

Columbia, 117 F.3d 571, 578 (D.C. Cir. 1997) (internal citations

omitted).

- 3 -

Here, the parties represented on February 24, 2004 in a joint status report that they had "reached an agreement in principle to resolve this case.  The agreement includes both monetary and injunctive relief, and is subject to the preparation of binding agreements and the Court's approval of the injunctive terms.  The parties expect to present a consent motion for entry of a consent decree to the Court by March 31, 2004."  (Joint Status Report of Feb. 24, 2004.)  Relying on the parties' representation that a settlement would be finalized by March 31, 2004, the court issued an order dismissing the case without prejudice for 35 days, but permitting any party to reopen the case on motion within 35 days of the Order, failing which the case would stand dismissed with prejudice thereafter.  The plaintiff states now that the parties have not finalized a consent decree and that defendant's counsel stated that defendant "does not wish to have any direct communication with [plaintiffs' counsel] and will not authorize [defendant's counsel] to take further action" or approve a consent decree.  (Pls.' Mot. to Reopen  at 5.)

While plaintiffs' counsel could have moved to reopen the case before the case was dismissed with prejudice, it would be unjust to let the dismissal with prejudice stand.  Defendant purportedly represented that the consent decree would be

finalized and plaintiffs purportedly relied on those assurances.

Plaintiffs acted promptly after defendants allegedly balked.

Maintaining the dismissal with prejudice could operate as a bar

to plaintiffs refiling the claims which have not fully been

judged on the merits.  See Ciralsky v. CIA, 355 F.3d 661, 672

n.11 (D.C. Cir. 2004) ("[A] suit that has been dismissed with

prejudice cannot be refiled; the refiling is blocked by the

doctrine of res judicata.").  Particularly given the

"jurisprudential preference . . . for adjudication of cases on

their merits rather than on the basis of formalities," id. at

674, and the court's express reliance on the joint representation

that a final settlement was imminent in dismissing the case with

prejudice, plaintiff has shown that relief from judgment and

reopening the case is just.

Defendant argues that this court lacks subject matter

jurisdiction to take any action, and cites in support of its

argument Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375

(1994).  Defendant's argument is without merit.  In Kokkonen, the

Supreme Court held that a federal court lacked inherent

supervisory power to enforce a settlement agreement that served

as a basis for a court's dismissal order given that the dismissal

order contained no provision maintaining jurisdiction over the

settlement agreement.  Id. at 382.  The court stated, however,

that "[i]t must be emphasized that what respondent seeks in this case is enforcement of the settlement agreement, and not merely reopening of the dismissed suit by reason of breach of the agreement that was the basis for dismissal."  Id. at 378. Plaintiffs' requested relief here is of the type which the Supreme Court expressly distinguished from that sought by the respondent in Kokkonen and presents no jurisdictional bar to this court.  Plaintiffs here do not seek to reopen the case because of a breach of a settlement agreement.  Rather, they seek to reopen because no settlement was reached at all.  The parties' failure to reach a settlement agreement central to the dismissal of the case here is sufficient cause to reopen the case.

Plaintiffs also request an order incorporating the terms of the agreement in principle and requiring the defendant to sign a consent decree, claiming that defendant cannot be relied upon to honor its legal commitments.  Such action would be premature, and in any event would rest on mere speculation.  See Texas v. United States, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated or indeed may not occur at all.") (internal quotations omitted).  Nor are the parties' requests for attorneys' fees and costs warranted at this time.  Accordingly, it is hereby

- 6 -

ORDERED that plaintiffs' motion [67] to reopen the case be,

and hereby is, GRANTED in part and DENIED in part.  The case is

reopened and this court's Order [66] of February 24, 2004 is

VACATED.  Plaintiffs' other requested relief and defendant's

claim for attorneys' fees and costs are DENIED without prejudice.

It is further

ORDERED that a status conference be, and hereby is,

SCHEDULED for June 11, 2004 at 9:30 a.m.

SIGNED this 1st day of June, 2004.


_____
RICHARD W. ROBERTS
United States District Judge